## Case No. 611.

### ATKINSON v. The HAMILTON.

[1 Bond, 536.] [1]

District Court, S. D. Ohio. June Term, 1862.

ADMIRALTY—PLEADING—MISJOINDER OF DEFEND-
ANTS—DISTINCT CAUSES OF ACTION.

1. Where a collision is the joint act of two steamboats, there can be no objection to the joinder of both as defendants in an action.

2. If each boat is charged with a distinct and separate act of collision, without any allegation of privity between them, or concert or unity of purpose, they cannot be joined in the same libel.

[In admiralty. Libel in rem by John H. Atkinson against the steamboats R. B. Hamilton and H. Logan for damages caused by collision. Heard on exception to the libel because of the misjoinder of defendants and of distinct causes of action. Exception sustained.]

Lee & Fisher, for libellant.
Lincoln, Smith & Warnock, for respondents.

OPINION OF THE COURT: An exception to the libel has been filed in this case, based on an alleged misjoinder of distinct causes of action, and of two defendants, as between whom there is no privity in the facts set forth in the libel as the grounds of the action. In deciding on this exception, the court must view it in the light of a demurrer in an action at law. The only question therefore is, whether from the statements and averments of the libel, the alleged misjoinder is apparent, and of a character to render it impossible to enter a valid decree in the case.

The suit is in rem. against the steamboats Hamilton and Logan for an alleged collision, by which a keel-boat laden with firebrick, fire-clay, etc., the property of the libellant, was sunk in the Ohio river while on its way from New Cumberland, in the state of Virginia, to the city of Cincinnati. The keel-boat and its cargo are alleged to have been a total loss to the libellant, and damages are claimed for the full value thereof. In the introductory part of the libel, it is averred that the suit is brought against the steamboats named, "jointly and against both and each of them." After stating that the keel-boat was navigated with all proper care and skill, and that every precaution was used by those having it in charge to avoid a collision, the libel alleges that the two steamboats, then ascending the river, were unlawfully engaged in racing, and were attempting at an undue speed to pass each other; and being just abreast, "almost simultaneously came into collision with said floating keel-boat—the bow of the said Henry Logan striking said keel-boat near her bow with a force sufficient to sink said keel-boat, and cause the same, her cargo, etc., to

become a total loss, and the bow of the said Hamilton almost at the same time coming in violent collision with said keel-boat about ten or fifteen feet forward of her stern, with force also sufficient to sink her, and cause her to become a total loss." It is then averred, that as the result of these collisions the keel-boat was sunk, and that boat and cargo are a total loss to the libellant.

Upon these averments, the question presented, is whether the collisions were the joint act of the two steamboats, in the sense of making each collision the act of both. If this is the logical and legal import of the averments of the libel, there can be no objection to the joinder of both in this action. On the other hand, it is clear, if each boat is charged with a distinct and separate act of collision without any allegation of privity between them, or concert or unity of purpose, they can not be joined in the same libel. Such a course would be liable to the same objections that would lie to the joinder of two different persons for two distinct acts of trespass or misfeasance, in an action at law. It needs no citation of authorities to prove that this can not be done. In analogy to the settled principles of chancery, as connected with the frame of a bill, a libel thus setting forth the cause of action, would be liable to the objection of multifariousness in averring different causes of action, necessarily leading to distinct issues, and involving confusion and inconvenience in the trial. Its further practical effect would be to bring parties defendants before the court, between whom there is no privity, and who in defending the action might find it necessary to assume distinct grounds of defense and to rely on wholly different evidence.

In 1 Conk. Adm. 368, the author asserts, in very comprehensive terms, that "persons between whom there is no privity, can neither join as libellants, nor be joined in the same libel as respondents." And this doctrine, the learned author says, is alike applicable to cases arising ex contractu and ex delicto. In the case of Thomas v. Lane, [Case No. 13,902,] Judge Story held, that a libel charging two persons with distinct acts of assault and battery, could not be sustained. The learned judge says, "If the trespasses are different and distinct, several suits must be brought against the parties; and if they are joined, the libel ought to be dismissed for multifariousness and a misjoinder of parties." There can be no question that this doctrine applies to all actions sounding in tort, as well as to the action of trespass for an assault and battery. Suits for collisions always involve the commission of a tort, predicated of some act of carelessness, negligence, or want of skill. And if the acts charged are the separate acts of different boats, not acting in concert and with a common purpose, they can not be joined in the same action. And this doc-

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

trine does not at all conflict with the doctrine well settled, and of universal application, that tort feasors are liable both jointly and severally, and may be sued either jointly or severally. But this principle must be limited in its application to cases in which the parties have acted in concert in the commission of the tort, and resting under a common responsibility. Betts, Adm. 20.

Now, it may undoubtedly occur that two boats may be so acting in privity and with a common purpose, that both may be jointly responsible for an injury inflicted by either. If two boats, for any purpose, should be lashed or fastened together, and while thus connected, from carelessness or want of skill should injure another boat by collision, there can be no doubt that there would be a joint liability, and that both could be proceeded against in the same suit. In such a case, in legal estimation, the two boats would be considered as one, and both under the same management and control. But clearly, to sustain such a proceeding, there must be the distinct allegation that they were thus in privity or union; and on the hearing, such allegation must be proved.

In this libel there is clearly no such averment of concert or unity of action between these boats as to justify the conclusion of a joint liability. It is not averred that the boats were the property of the same persons, or that there was any mutuality of interest as between the owners, or that they were both under the control of the same persons. Nor is it averred that the same collision resulted in the loss of the libellant's boat and cargo. On the contrary, the averments are, that each boat was guilty of a separate act of collision, each of which was sufficiently violent to have caused the sinking of the libellant's boat and cargo. These collisions were committed not only by each boat separately, but the injury by each was on a different part of the keel-boat, and though near together in point of time, were not simultaneous. It is thus evident that the owners of the two boats might find it necessary to resort to different lines of defense in resisting the claim of the libellant, and to rely on different evidence for this purpose. The interests of each boat might therefore be brought into direct conflict and confusion, and inconvenience arise, not only in the final hearing, but in the preparation of the case for trial. There certainly is no necessity for this, as it is the undoubted right of the libellant to proceed in a separate action against each of the boats. To avoid any injury that might possibly result from such a course, it would perhaps be the duty of the court in the exercise of its discretion, to see that no decree should be entered in either case, until both should be heard. Thus, if the libellant by his evidence shall prove a case of fault and consequent liability, as to one or both the boats charged with fault, damages may be decreed on such

principles as shall meet the justice of the case. If the libellant, by amendment, can allege a state of facts showing such concert and privity between the two steamboats, as will create a joint liability, within the principles stated by the court, he can have permission to do so; otherwise, the libel must be dismissed, and the proceeding commenced de novo.